**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2301 & 23-2464

_____

ZIA SHAIKH

v.

LAURA L. GERMADNIG; SIEGFRIED GERMADNIG; PATRICIA GERMADNIG;
MELISSA REEVES; KENNETH REEVES; MARK GERMADNIG; STACY
GERMADNIG; SIEGFRIED GERMADNIG, JR., JD; BARUS GERMADNIG;
CRYSTAL GERMADNIG; SKYE GERMADNIG, JR.; DAVID TARNOWSKI;
NICOLE TARNOWSKI; SLAVA KLEYMAN; NANCY CAVANAUGH; JANICE
ELWELL; LOUIS ELWELL; CHRISTINE GILFILLEN; SANDRA SEAMAN; JACK
M.; NADA PITYINGER; BRETT PITYINGER; DANIEL SCHASTNY; KATHLEEN
SCHASTNY; RENE MCKEE; BRADLEY MCKEE; CAROL MCKEE; STANELY
O'BRIAN; LORI O'BRIAN; CANDY MCKEE; KIMBERLY ZABARSKY, Law firm of
Citta, Holzapfel, & Zabarsky; STEVEN A. ZABARSKY; CATHLEEN CHRISTIE
CONEENY, Esq., Legal Malpractice Insurance Carrier; JOSEPH GUNTESKI, CPA;
COWAN GUNTESKI & CO.; JOHN R. WILEY, JR., CPA, ABV, CGMA; AICPA,
Association of International CPA's; SETH ARKUSH, Integrated Care Concepts LLC;
JACKSON SCHOOL DISTRICT; STEPHANIE J. BROWN, Esq.; AUGUST J. LANDI,
Esq.; MARGIE MCMAHON, Esq.; DAVID T. SCHLENDORF, Esq.; MATTHEW
KUNZ, Jackson Township Police Chief; CHRISTOPHER PARISE, Jackson Township
Police Officer; BRADLEY BELHEIMER, Ocean City Prosecutor; JOHN FOTI, JR.;
MARLENE L. FORD, A.J.S.C.; MADELINE F. EINBINDER, J.S.C.; JOHN S.
DORAN, J.S.C.; DEBORAH H. SCHRON, J.S.C.; JOHN DOES 1-10; JOHN DOES 1-
10, XYZ Corporations; GEOFFREY BRIGNOLA, Principal of Jackson Liberty High
School; DEBRA PHILLIPS, Principal of Christa McAuliffe Middle School;
ADRIEN JEAN DENIS, Principal of Crawford Rodriguez Elementary School;
FRANCIS A. HODGSON, JR., P.J. CH; YELP INC

Zia Shaik,
        Appellant in Case No. 23-2301

Slava Kleyman; Nancy Cavanaugh,
        Appellants in Case No. 23-2464

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-02053)
District Judge:  Honorable Robert Kirsch

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: June 6, 2024)

_____

OPINION[*]

_____

**PER CURIAM**

In July 2013, Zia Shaikh filed for divorce from his wife.  In many lawsuits since,

he has sued numerous person and entities whom he perceived to be connected with those

proceedings or their results.  In the sprawling amended complaint that he filed in this suit,

he listed 54 named defendants plus several John Doe defendants.[1]  Shaikh invoked 42

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] He included a similar long list of defendants in his initial complaint.  In response to that complaint, a group of those defendants (the school district where his children attended school, and the principals of three schools in that district) filed an answer with cross-claims for contribution and indemnification against all the other defendants.  Other defendants filed motions to dismiss the complaint.  The District Court (when a different District Judge presided over this matter) reviewed the complaint sua sponte, identified several deficiencies, and dismissed it with leave to amend.  In doing so, the District Court administratively terminated the pending motions to dismiss, stating that the defendants could elect to renew them or file new motions after Shaikh filed his amended complaint. Id.

U.S.C. § 1983 and the Racketeer Influenced Corrupt Organizations Act of 1970

("RICO") and also claimed that the defendants had committed several common law torts.

He twice sought a preliminary injunction to vacate a bench warrant issued in 2017 by one

of the defendants related to Shaikh's purportedly unmet child support obligations. Many

of the defendants, either individually or in groups, filed motions to dismiss the amended

complaint. Two defendants, Nancy Cavanaugh and Slava Kleyman, also sought

sanctions against Shaikh under Rule 11 of the Federal Rules of Civil Procedure. The

District Court granted the motions to dismiss,[2] reviewed any other claims remaining, and

dismissed the amended complaint "in full with prejudice," ECF No. 272 at 1, on several

bases. The District Court denied all other pending motions, including the motions for a

preliminary injunction and for Rule 11 sanctions. Shaikh filed a notice of appeal (which

opened C.A. No. 23-2301),[3] and Cavanaugh and Kleyman initiated a cross-appeal (C.A.

No. 23-2464) to challenge the ruling on their sanctions motion.

---

[2] The motions had been administratively consolidated into one motion.

[3] Among other things, Shaikh has filed a motion (which he has sought to expedite several times) requesting that we review de novo some of his state court proceedings, dismiss "illegal child support arrears," and vacate the bench warrant that was issued in 2017. 3d Cir. Doc. No. 63 at 1. However, we cannot provide him with that review. See O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (citing the established principle that the Court is "a court of review, not of first view"); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

We have jurisdiction under 28 U.S.C. § 1291 to review the dismissal of the amended complaint and the denial of the motion for Rule 11 sanctions.[4] The former is reviewed de novo, see In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012), and the latter for abuse of discretion, Scott v. Vantage Corp., 64 F.4th 462, 471 (3d Cir. 2023). We do not agree with some of the Appellees who argue that Shaikh has waived or forfeited all issues because of the form or substance of his informal brief, and we decline their requests for us to dismiss the appeal on that basis.[5] In relation to Shaikh's appeal, we will only review, however, claims

---

[4] Some of the appellees urge us to dismiss Shaikh's appeal for lack of jurisdiction because the District Court did not address or terminate the cross-claims for contribution and indemnification that were filed with one group of defendants' answer to the original complaint, see supra n.1. Appellees are correct that, ordinarily, pending cross-claims defeat appellate jurisdiction, even if a dismissal of a plaintiff's claims renders them moot. See Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981) ("[T]o read [such] 'practicalities' into the already plain language of Rule 54(b) would only foster uncertainty in an area of the law that must remain clear."). But we conclude that we have jurisdiction under the circumstances of this case, where the initial complaint was dismissed and the defendants effectively abandoned their cross-claims when they did not renew them in response to the amended complaint. See Bethel v. McAllister Bros., Inc., 81 F.3d 376, 382 (3d Cir. 1996) ("[A]n otherwise nonappealable order may become final for the purposes of appeal where a [party] voluntarily and finally abandons the other claims in the litigation.").

[5] We also reject the request from Cavanaugh and Kleyman to award them relief on their cross-appeal on the basis that Shaikh has waived any objection to it. Shaikh prematurely filed a brief in opposition to the cross-appeal. While Cavanaugh and Kleyman point to the Clerk's Order that explained to Shaikh that he filed his brief too soon and that he could later file a brief that served as both an opposition to the cross-appeal and a reply brief, that Order also explained that action could be taken on the prematurely submitted brief on our order. We hereby consider his prematurely filed brief as his brief opposing the cross-appeal. Furthermore, in a reply brief, he also addressed the sanctions decision, arguing, for instance, that "[t]he court's decision to decline sanctions was a judicious

raised in Shaikh's opening brief, and we deem forfeited any other potential challenges to the order of dismissal or other orders entered in the District Court. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief). Also, we will not review the denial of Shaikh's motions for a preliminary injunction because this appeal is moot to the extent that Shaikh challenges that decision. See Hankins v. Temple Univ., 829 F.2d 437, 438 n.1 (3d Cir. 1987).

First, we consider and reject Shaikh's repeated claim that the District Judge was biased or prejudiced against him.[6] We see no evidence of bias or prejudice, and Shaikh's arguments do not convince us that we missed any. See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias"); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that "unsupported, irrational, or highly tenuous speculation" is not a basis for recusal).

---

exercise of discretion," and that "the allegations of harassment and abuse of the judicial process are unfounded." C.A. No. 23-2301, 3d Cir. Doc. No. 102.

[6] Shaikh also presents arguments about the purported bias of a different District Judge who handled an earlier case that Shaikh filed in 2015 that asserted many of the same claims raised in this action. We do not reach those arguments or his other challenges to the order dismissing his complaint in the 2015 action. A challenge to the 2015 proceedings is outside the scope of this appeal; among other things, even if we could consider his notice of appeal as challenging the final order in that action, too, the appeal would be grossly untimely. See Fed. R. App. P. 4(a)(1).

5

Second, some of Shaikh's arguments do not entitle him to relief on appeal because they are based on misunderstandings about how the District Court handled his case. He claims that the District Court wrongly concluded that it lacked subject-matter jurisdiction over his claims and inappropriately relied on Rule 8 of the Federal Rules of Civil Procedure. However, although the District Court discussed the substantiality doctrine, ECF No. 272 at 21 n.14, and Rule 8, id. at 22-24, the District Court reviewed Shaikh's complaint and largely dismissed it for failure to state a claim, id. at 25-58, 66.[7]

Shaikh also addresses the District Court's treatment of his claims, arguing that the District Court misinterpreted elements of causes of action and failed to adequately consider the allegations he presented. He challenges the analysis as, inter alia, "insufficient" C.A. No. 23-2301, 3d Cir. Doc. No. 45 at PDF p. 24; not "comprehensive" or "fact-specific," id. at 25, 27, 32; and inadequately "nuanced," id. at 27. However, the District Court thoroughly examined Shaikh's allegations and accurately described the

---

[7] At one point in its opinion, the District Court stated that the federal claims must be dismissed, so it was "declin[ing] to exercise supplemental jurisdiction over the remaining state law claims." ECF No. 272 at 21. However, the District Court later decided "to parse the Amended Complaint for any facts that could support a legally cognizable claim," id. at 25, and went on to consider the merits of all Shaikh's claims before dismissing the amended complaint with prejudice. We also are aware that the District Court concluded that it did not have jurisdiction over Shaikh's action to the extent that he sought modification of the custody order entered by the state family court, citing the Rooker-Feldman doctrine, which would bar review. See Exxon Mobil Corp, 544 U.S. at 292. While the District Court's interpretation of Shaikh's complaint seems fair, Shaikh clarifies that he was not challenging the custody order in his complaint. Shaikh claims that he entitled to relief because of the District Court's "misinterpretation of [his] claims" that he describes as "parental alienation and intentional inference with possessory rights of children." C.A. No. 23-2301, 3d Cir. Doc. No. 45 at 27. We disagree. Although the District Court did not review a state-court order, it otherwise identified and reviewed the claims he describes.

causes of action presented and their elements. Upon review, we conclude that the District Court properly dismissed Shaikh's amended complaint for the (several) reasons given. [8]

While Shaikh presents arguments about each of his claims, he does not challenge all the bases for the District Court's dismissal of his claims. In particular, he largely does not address the District Court's ruling that 14 of the 15 counts of his amended complaint were subject to dismissal as time-barred. See ECF No. 272 at 51-53. Accordingly, for most of the counts in his complaint, even if he were able to identify an error in one of the District Court's alternative bases for its decision, the District Court's ruling would stand. See M.S. by & through Hall, 969 F.3d at 124 n.2. The only specific argument that Shaikh makes about the application of the statute of limitations is in relation to his claim for invasion of privacy, "especially regarding the alleged spying via an illegally placed tracker." C.A. No. 23-2301, 3d Cir. Doc. No. 45 at 30. But, to the extent that he claimed that a tracker was placed in his vehicle, he alleged that he believed that one was placed in his vehicle at some point before February 28, 2015. ECF No. 154 at ¶ 189. Those allegations, like the other ones related to his claim of invasion of privacy, placed the defendants' acts outside the limitations period that the District Court properly described.[9]

---

[8] Shaikh also argues that the ruling at the motions stage deprived him of the opportunity to conduct discovery and his right to a fair trial, but the District Court did not deprive Shaikh of either by deciding this matter on the papers. The Federal Rules of Civil Procedure anticipate motions practice at the outset of an action that may weed out claims before discovery and trial. See, e.g. Fed. R. Civ. P. 12(b)(6). Shaikh's ability to take discovery or present his claims at trial was limited by the insufficiency of his pleading.
[9] In relation to this, we note that, contrary to Shaikh's contention, the District Court recognized that the claim for invasion of privacy was "exclusively directed" at two defendants, as Shaikh puts it, C.A. No. 23-2301, 3d Cir. Doc. No. 45 at 29. See ECF No. 272 at 34 ("Laura and Zabarsky are the only Defendants alleged to have been involved.").

As for the fifteenth claim, the District Court properly dismissed Shaikh's claim of common law fraud against three attorneys that he had previously retained. He merely alleged that they had failed to file motions that they had agreed to file, see ECF No. 154 at ¶ 306, which does not state a claim for fraud. See Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997) (setting forth the five elements of common law fraud); see also Fed. R. Civ. P. 9(b) (requiring that fraud be pleaded with particularity). Shaikh argues that he should have been given another chance to amend his complaint to better plead his fraud and other claims. However, the District Court did not abuse its discretion (or violate Shaikh's right to due process, as he claims, see C.A. No. 23-2301, 3d Cir. Doc. No. 45 at 22) in declining to allow amendment of the fraud claim or his other claims under the circumstances of his case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted when amendment would be inequitable or futile).

Turning to the cross-appeal, Cavanaugh and Kleyman assert that the District Court abused its discretion in declining to impose monetary and non-monetary sanctions on Shaikh despite recognizing that Shaikh "certainly merits sanctions given his proclivity for instituting lawsuits and making motions the Court can only conclude are designed to harass, cause unnecessary delay, or needlessly increase the cost of litigation." C.A. No. 23-2464, 3d Cir. Doc. No. 34 at 28 (quoting ECF No. 272 at 63) (quotation marks and citations omitted). Cavanaugh and Kleyman are right that Rule 11 could support sanctions under these circumstances, as the District Court also recognized. But, while Rule 11 authorizes sanctions, it does not mandate them. See Fed. R. Civ. P. 11(c)

(describing when and how a court *may* impose a sanction for violations of Rule 11(b)). And the District Court provided reasoned bases for its decision to not impose sanctions in this case, primarily the concern that imposing sanctions would lead to a continuation of litigation instead of its termination, which is one of the reasons why courts limit Rule 11 sanctions to exceptional cases, see Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (noting that sanctions "tend to spawn satellite litigation counter-productive to efficient disposition of cases") (quotation marks and citation omitted). The District Court also noted "the theoretical, ephemeral and perhaps futile prospect of recovering significant Rule 11 monetary sanctions."[10] ECF No. 272 at 63. Accordingly, we conclude that the District Court did not abuse its broad discretion in declining to award Rule 11 sanctions. See Wharton v. Superintendent Graterford SCI, 95 F.4th 140, 147 (3d Cir. 2024) ("We trust district judges' sound discretion. Because of this trust, we will not substitute our judgment for theirs.").

For these reasons, to the extent that we have jurisdiction over Shaikh's appeal, we will affirm the District Court's judgment. We dismiss Shaikh's appeal to the extent it is moot. We will affirm the District Court's order denying Cavanaugh and Kleyman's motion for monetary sanctions. Shaikh's motion to file separate reply briefs is granted, but his motion to dismiss the frivolous arguments of defendants is denied. We also deny

---

[10] Kleyman and Cavanaugh object to this basis for the decision on the ground that there is no evidence in the record that Shaikh is unable to pay a monetary penalty. But, regardless of his ability to pay, there was information in the complaint and the litigation history (including about efforts to collect child support from Shaikh) that suggest that it may be difficult to collect a monetary penalty from him.

any other pending motions, including Shaikh's motion to disqualify the New Jersey Office of the Attorney General as counsel, his motion for de novo review to dismiss illegal child support arrears and vacate bench warrant, his motions to expedite, and the requests by the appellees to dismiss Shaikh's appeal for lack of jurisdiction or without reaching the merits.